**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5041**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ABDULLAH MATTOCKS, a/k/a Abdul-Nur Zaid, a/k/a Abdul Zaid,
a/k/a Abdul Nur, a/k/a Abdullah Ebin Zaid Mattocks,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:08-cr-00387-GBL-1)

Submitted:  July 29, 2011        Decided:  August 5, 2011

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel T. Lopez, BRIGLIA HUNDLEY NUTALL & KAY PC, Vienna,
Virginia, for Appellant.   Neil H. MacBride, United States
Attorney, Michael P. Ben'Ary, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abdullah Mattocks appeals his convictions for conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). His sole contention on appeal is that the district court erred in denying his motions to withdraw his guilty plea and for reconsideration of that order. For the reasons that follow, we affirm.

The Government suggests that Mattocks' appeal be dismissed as barred by the appellate waiver in Mattocks' plea agreement. Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168. "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted).

Although the Government is correct that Mattocks agreed to waive his right to appeal his conviction and sentence,

where, as here, an appellant challenges the denial of his motion to withdraw his guilty plea on the basis that the plea was not knowing or voluntary, an appeal waiver does not prevent this court from hearing the appeal. United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). We therefore decline the Government's invitation to dismiss the appeal.

Turning to the merits of Mattocks' appeal, the district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Instead, he must show a "fair and just reason" for withdrawing his plea. Id. "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In determining whether Mattocks has carried his burden, the court considers six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and

3

> (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248. Although all the factors in Moore must be given appropriate weight, the key in determining whether a motion to withdraw should be granted is whether the Fed. R. Crim. P. 11 hearing was properly conducted. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding was adequate. Lambey, 974 F.2d at 1394.

We have reviewed the Moore factors and conclude that Mattocks has not carried his burden. The district court substantially complied with the mandates of Rule 11 in accepting Mattocks' guilty plea, ensuring that Mattocks' plea was knowing and voluntary and supported by a sufficient factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Moreover, Mattocks informed the district court during the plea colloquy that he had not been threatened or coerced to plead guilty, and his statements at the plea hearing indicated that he entered the plea knowingly and voluntarily. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

4

Despite Mattocks' claims to the contrary, our review of the record convinces us that Mattocks had close assistance of counsel and was not coerced by counsel into pleading guilty. Thus, Mattocks has not "offered credible evidence that his plea was not knowing or otherwise involuntary." Ubakanma, 215 F.3d at 424.

Moreover, Mattocks has not credibly asserted his innocence, there was a significant delay between the entry of the plea and the motion to withdraw the plea, and both the Government and the court would be burdened by allowing him to withdraw his guilty plea. Based on our consideration of the Moore factors, therefore, we conclude the district court did not abuse its discretion in denying either the motion to withdraw the guilty plea or the motion for reconsideration.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED